IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JORDAN SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 6:24-cv-03068-MDH |
| AGAPE BAPTIST CHURCH, INC., d/b/a ) | |
| AGAPE BOARDING SCHOOL, and BRYAN ) | |
| CLEMENSEN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants Agape Baptist Church, Inc., d/b/a Agape Boarding School and Bryan Clemensen's (collectively "Defendants") Motion for Summary Judgment. (Doc. 30). Defendants filed Suggestions in Support (Doc. 34), Plaintiff filed Suggestions in Opposition (Doc. 40) and Defendants have filed a reply. (Doc. 43). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises from allegations of physical and emotional abuse suffered by Plaintiff while he attended Agape Boarding School. Plaintiff is a resident of Georgia and attended Agape Boarding School from approximately 2012 to 2013. Defendant Agape Boarding School was a Missouri private boarding school that is owned an operated by Defendant Agape Baptist Church, Inc. Defendant Agape Baptist Church, Inc. is a non-profit corporation doing business in Missouri with its principal place of business in Missouri. Defendant Bryan Clemensen is an individual who resides in Cedar County, Missouri, who at all relevant times was the Director of Agape Boarding School.

1

Plaintiff was in the custody of Agape Boarding School from approximately 2012 to 2013. Plaintiff alleges that while he was in the custody of Defendants, Plaintiff was physically and emotionally abused by multiple agents, servants, and employees of Defendants. Plaintiff alleges that the incidents of abuse occurring to Plaintiff were known by Defendants, but the incidents were not adequately investigated or reported, and no steps were taken to protect Plaintiff from further incidents of abuse. Plaintiff alleges that his memory of the abuse he allegedly sustained at Agape Boarding School was repressed before Plaintiff turned 18 years of age. Plaintiff alleges that in late 2023, Plaintiff regained the repressed memories of abuse at Agape, and for the first time had reason to question Defendant's conduct and had information sufficient to place him on notice of a potentially action injury. On March 12, 2024, Plaintiff initiated this current action.

Plaintiff's First Amended Complaint alleges four counts against Defendants: Count I – Negligence; Count II – Battery – Respondeat Superior; Count III – Negligent Infliction of Emotional Distress; and Count IV – Negligent Hiring and Retention. Defendants bring their current motion seeking entry of summary judgment arguing that Plaintiff's claims fail as they are time-barred by the statute of limitations. The Court will evaluate the merits of Defendants' Motion for Summary Judgment.

**STANDARD OF REVIEW**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of

demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

Defendants argue that Plaintiff was on notice that the statue of limitations began to run on his 21st birthday.[1] Defendants argue that by Plaintiff's own admission he was aware of the abuse he allegedly suffered, continued treatment with Mr. Pinckney specifically related to that alleged abuse and the awareness of which never ceased from the time he left Agape to the time he filed suit. As such, Defendants argue that the awareness and recognition of the abuse he allegedly suffered, even if not fully understood in extreme detail, is enough to put a reasonable person on notice that additional substantial injury or damages may have occurred, therefore beginning the clock on the statute of limitations. Plaintiff argues that even though he had recollection of physical abuse and harsh discipline at Agape prior to 2024, the recent recovery of memories involving sexual abuse represents a completely different type of injury. Plaintiff argues that he is seeking damages from a distinct form of harm: sexual abuse that he did not and could not recall until years later due to dissociative amnesia. Plaintiff contends only upon recovering those memories is the

---

[1] Both parties acknowledge that the statute of limitations is tolled for minors and does not start until the individual's 21st birthday. Plaintiff turned 21 on December 29, 2015, and the statute of limitations would have barred Plaintiff's claims on December 29, 2020.

3

damage sufficient and ascertainable to support the causes of action, and thus the distinct injury of sexual abuse should effectively restart the statute of limitations.

The Court applies Missouri law to Plaintiff's state-law claims. In Missouri the statute of limitations for negligence claims is five years. Mo. Rev. Stat. § 516.120(4). The statute of limitations for a battery claim is two years. Mo. Rev. Stat. § 516.140. A "cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment." Mo. Rev. Stat. § 516.100. The Missouri Supreme Court defined "capable of ascertainment" as when "the evidence [is] such to place a reasonably prudent person on notice of a potentially actionable injury." *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 582 (Mo. 2006). This "objective" test is from the standpoint of a "reasonable person in [plaintiff's] situation." *Id*. at 584, 586. Both the "character of the condition … and its cause" must be capable of ascertainment. *Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1171 (8th Cir. 2019) (quoting *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. 1984)). In cases involving sexual abuse, the "capable of ascertainment" standard "has special application to cases of repressed memory" of the sexually abusive conduct. *Powel*, 197 S.W.3d at 594. "[W]hen contradictory or different conclusions may be drawn from the evidence as to whether the statute of limitations has run, it is a question of fact for the jury to decide. *Id.* at 585.

In cases involving sexual abuse since *Powel*, however, Missouri courts have held that, absent repressed memory of the sexually abusive conduct, an injury was objectively capable of ascertainment, as a matter of law, at the time of the abusive conduct itself. *Walker v. Barrett*, 650 F.3d 1198, 1204 (8th Cir. 2011). In *State ex rel. Marianist Province of U.S. v. Ross*, the plaintiff "admit[ted] that he remembers, and has always remembered, that … [the defendant] had Plaintiff

4

hyperventilate to the point of unconsciousness, asked Plaintiff to strip to his underwear, blindfolded him, and held a knife to his throat." 258 S.W.3d 809, 811 (Mo. 2008) (en banc). As a result, the Missouri Supreme Court held that "[e]ven though Plaintiff alleges he did not remember the sexual details of these incidents, the conduct that he always remembered was sufficient to 'place a reasonably prudent person on notice of a potentially actionable injury.'" *Id*. (quoting *Powel*, 197 S.W.3d at 584).

Just like *State ex rel. Marianist Province of U.S. v. Ross*, Plaintiff's memory of the alleged restraint during his time at Agape Boarding School was sufficient to place a reasonably prudent person on notice of a potentially actionable injury. In Plaintiff's deposition he stated that he thinks about his experience at Agape Boarding School every day since he left. (Doc. 41-1, page 19, lines 15-20). Plaintiff stated that he had talked to James Pickney, Plaintiff's personal life coach, about the fight at Agape and "certain things that happened on in the school." *Id*. at page 33, lines 16-23. In James Pinckney's deposition, Mr. Pinckney stated that Plaintiff talked about his time at Agape Boarding School, specifically how Defendants were tough on him and that Plaintiff didn't like how they would restrain him or talk to him. (Doc. 41-2, page 5, lines 14-24). While there is ample evidence in the record that supports Plaintiff's position that he did not discover the alleged sexual abuse until 2023 due to dissociative amnesia, the record is clear that Plaintiff was aware of the other physical and emotional abuse that had happened to him at Agape Boarding School since leaving Agape Boarding School. As such, the Court finds that these other physical and emotional abuses would have put a reasonably prudent person on notice of a potentially actionable injury and thus Plaintiff was to have brought his negligence claims on or before December 29, 2020, five years after his twenty-first birthday and December 29, 2017, for his battery claim. For the reasons

stated, Defendants' Motion for Summary Judgment based upon the statute of limitations is **GRANTED**.

## CONCLUSION

For the reasons set forth, Defendants' Motion for Summary Judgment is **GRANTED**. Summary judgement is hereby entered in favor of Defendants.

**IT IS SO ORDERED**.

DATED: October 14, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**